ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2022-Mar-21  15:30:21
35CV-22-203
C11WD02 : 16 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISION

DEMETRIA WALKER, AS SPECIAL PERSONAL
REPRESENTATIVE OF THE ESTATE
OF PEARL LEE HAYES, DECEASED,
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF PEARL LEE HAYES                          PLAINTIFF

vs.                          CASE NO: _____

WATERS OF WHITE HALL, LLC
AND JOHN DOES 1 THROUGH 10,
UNKNOWN DEFENDANTS                                        DEFENDANTS

---

## COMPLAINT

---

Comes now the Plaintiff, Demetria Walker, as Special Personal Representative

of the Estate of Pearl Lee Hayes, deceased, and on behalf of the wrongful death

beneficiaries of Pearl Lee Hayes, by and through her attorneys, Scott Davidson and

Johnathon D. Burgess, and for her Complaint, states and alleges the following:

### JURISDICTIONAL STATEMENT

1.      That Pearl Lee Hayes was, at all times relevant to this action, a resident

of Jefferson County, Arkansas;

2.      Demetria Walker is the duly appointed special personal representative

of the estate of Pearl Lee Hayes, deceased, pursuant to the July 13, 2021 Order

Appointing Special Personal Representative entered in the Circuit Court of Jefferson

County, Arkansas, Probate Division, in a case styled "In the Matter of the Estate of Pearl Lee Hayes, Deceased", Case No: 35PR-21-299. A true and correct copy of said order is attached hereto marked **EXHIBIT A**, and incorporated by reference thereto;

3.      The "Acceptance of Appointment as Special Personal Representative of Estate" as entered in the probate case is attached hereto, marked **EXHIBIT B**, and incorporated herein by reference thereto. "Letters of Special Administration" as issued by the probate division of the Jefferson County Circuit Court are attached hereto, marked **EXHIBIT C**, and incorporated herein by reference there to;

4.      Demetria Walker brings this claim on behalf of the Estate of Pearl Lee Hayes, deceased, and on behalf of the wrongful death beneficiaries of Pearl Lee Hayes, pursuant to the Arkansas Survival of Actions Statute (Ark Code ann. § 16-62-101) and the Arkansas Wrongful Death Statute (Ark. Code Ann. § 16-62-102). Demetria Walker claims damages arising out of the care and treatment of Pearl Lee Hayes that occurred at and by the Defendants.

5.      Plaintiff is fully qualified to serve as special personal representative of the estate of Pearl Lee Hayes, deceased.

6.      Plaintiff is fully authorized to prosecute this case on behalf of Pearl Lee Hayes and on behalf of the wrongful death beneficiaries of Pearl Lee Hayes.

7.      Upon information and belief, Pearl Lee Hayes was a resident of Waters of White Hall, LLC, located at 9209 Dollarway Road, White Hall, Jefferson County, Arkansas, and, except for hospitalizations, remained a resident until April 7th, 2020, when her death occurred.

8.      Defendant Waters of White Hall, LLC is a limited liability company that owns, operates, manages, and holds the license for a long-term care facility, located at 9209 Dollarway Road, White Hall, Jefferson County, Arkansas. The causes of action made the basis of this suit arise out of such business conducted by Waters of White Hall, LLC in the ownership, operation, management, licensing, and/or control of the facility and individuals during the residency of Pearl Lee Hayes. The agent for service of process for The Waters of White Hall, LLC, is Capitol Corporate Services, 300 South Spring Street, Little Rock, Arkansas 72201.

9.      The John Doe Defendants designated under numbers 1 through 10 consist of individuals, partnerships, limited liability companies, corporations, or other legal entities, which are, or have been, involved in the ownership and operation of the facility known as The Waters of White Hall, LLC or have been involved, in any manner, in the provision of care to residents of said facility, including Pearl Lee Hayes. Despite diligent efforts, Plaintiff is currently unable to identify any of these Unknown Defendants, but Plaintiff may discover such identities upon further investigation. Said Defendants are named pursuant to Arkansas Code Annotated §16-56-125, as their acts and omissions were negligent, tortious or otherwise wrongful with respect to the injuries of Pearl Lee Hayes. See Affidavit, attached here to as **EXHIBIT D**.

10.     The term "Defendants" collectively refers to and includes all named Defendants in this lawsuit.

11.     This Court has jurisdiction over the parties of this matter.

12.    This Court has jurisdiction over the subject matter of this action.

13.    Venue is proper in this Court.


## BACKGROUND AND FACTUAL ALLEGATIONS

14.    Pearl Lee Hayes was originally admitted as a resident to The Waters of White Hall, LLC, and remained a resident at said facility until the date of her death on April 7, 2020.

15.    At the time of the events leading up to Pearl Lee Hayes's death, the facility did not have adequate nursing staff in place to care for her needs or the needs of other residents.   Specifically, but without limitation, the staff did not have enough nursing and nursing staff or competent nursing staff available. As a direct and proximate result as the failure of Defendants to provide proper staffing, Pearl Lee Hayes received improper or no care as described in this Complaint and died.

16.    Defendants were aware of Pearl Lee Hayes's medical condition and the care she required when they represented that they could adequately care for her needs at the time of her admission to the facility.

17.    In an effort to ensure Pearl Lee Hayes and other residents whose care is funded by the government were placed in their facility, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being properly staffed, supervised, and equipped to meet the total needs of its nursing home residents.

18.    Defendants failed to discharge their obligation to care for Pearl Lee Hayes with a conscious disregard for her rights of safety.

19.    At all times mentioned herein, Defendants, through their corporate officers or administrators, had knowledge of, ratified or otherwise authorized all of the acts or omissions that caused the injuries suffered by Pearl Lee Hayes including the hiring and retention of unqualified and untrained nursing staff, and not enough staff, as more particularly set forth below within each of the respective counts. Defendants knew that this facility was understaffed and because of poor staffing, the nursing staff could not provide even the minimum standard of care to the weak and vulnerable residents. As a result, residents like Pearl Lee Hayes receive improper or no care.

20.    As a result of the lack of care, Pearl Lee Hayes suffered physical injury, lost personal dignity and suffered unnecessary pain and suffering, emotional distress, and mental anguish.

21.    At all times relevant herein, Defendants operated and managed a facility according to a specific plan that would maximize profits by reducing their staffing levels needed to provide care to residents that comply with federal and state regulations governing skilled nursing facilities. Specifically, Defendants intentionally and with knowing and/or reckless disregard for the consequences of their actions caused staffing levels set at a level that the personnel on duty at any given time could not reasonably tend to the needs of their respective assigned residents and, by way of example, assist with the everyday needs of residents such as

Pearl Lee Hayes, with these actions and inactions being known to Defendants and their corporate officers and administrators.

22.     At all times relevant, Pearl Lee Hayes was under the care, supervision, and treatment of Defendants and that the injuries complained of herein were proximately caused by the acts and omissions of Defendants.

23.     Defendants have vicarious liability for acts and omissions of all person and entities under their control, whether directly or indirectly, including employees, agents, consultants, and independent contractors, causing or contributing to the injuries of Pearl Lee Hayes.

## COUNT I – NEGLIGENCE

24.     Plaintiff adopts and incorporates by reference all of the forgoing language of this Complaint as it fully set forth within and further states as follows:

25.     Defendants owed a nondelegable duty to residents, including Pearl Lee Hayes, to provide adequate and appropriate custodial care and supervision, which a reasonably careful nursing facility would provide under similar circumstances.

26.     Defendants owed a nondelegable duty to residents, including Pearl Lee Hayes, to exercise reasonable care in providing care and services in a safe and beneficial manner.

27.     Defendants owed a nondelegable duty to residents, including Pearl Lee Hayes, to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner.

28.     Defendants owed a nondelegable duty to assist residents, including Pearl Lee Hayes, in attaining and maintaining the highest level of physical, mental, and psychosocial wellbeing.

29.     Defendants breached these duties by failing to exercise reasonable care by failing to prevent mistreatment and neglect of Pearl Lee Hayes. The negligence of Defendants includes, but is not limited to, the following acts and omissions:

    a.  Failure to ensure that Pearl Lee Hayes attained and maintained her highest level of physical, mental and psychosocial wellbeing;

    b.  Failure to establish, publish, and/or adhere to the policies for nursing personnel concerning the care and treatment of residents;

    c.  Failure to increase the number of nursing personnel to ensure that Pearl Lee Hayes received timely and accurate care assessments and proper treatment, medication and diet;

    d.  Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse's assistants and aides to meet the needs of Pearl Lee Hayes throughout her residency;

    e.  Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by (1) ensuring the rules and regulations designed to protect the health and safety of residents, such Pearl Lee Hayes, as promulgated by the Arkansas

Department of Human Services and the Arkansas Office of Long Term Care, were consistently complied with on an ongoing basis and (2) ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

f.  Failure to properly in-service and orient employees to pertinent patient care needs to maintain the safety of resident;

30.    A reasonably careful nursing home operating under similar circumstances would foresee that the failure to provide the ordinary care listed above would result in the injuries suffered by Pearl Lee Hayes.

31.    Additionally, Defendants had a statutorily mandated responsibility to provide Pearl Lee Hayes nursing home residents' rights as set forth in Ark. Code Ann. §20-10-1201, et. seq.

32.    Defendants' responsibilities to Pearl Lee Hayes under these statutes are nondelegable in that Defendants are directly liable for deprivations, and infringements by any person or entity under Defendants' control, direct or indirect, including its employees, agents, consultants, and independent contractors, whether in house or outside entities, individual or agencies, that were caused by Defendants' policies, whether written or unwritten, or common practices.

33.    The duty alleged in the immediately preceding paragraph includes, but it is not limited to, proper training and supervision, proper hiring, background and

referral checks, and proper retaining and dismissing of employees, agents, consultants, and independent contractors.

34.   Notwithstanding the responsibility of Defendants to provide Pearl Lee Hayes her statutorily mandated nursing home residents' rights, Pearl Lee Hayes was deprived of such rights by Defendants' failure to provide adequate and appropriate healthcare and protective support services, including therapeutic and rehabilitative services consistent with her resident care plan. These failures, which are evidence of negligence, include, but are not limited to, the following:

    a.  Failing to provide enough staff;

    b.  Failing to provide properly trained or licensed staff;

    c.  Failing to keep the home free of accident hazards;

    d.  Physically, mentally, and emotionally abusing residents;

    e.  Failing to transport to a hospital in a timely manner;

    f.  Failing to provide proper treatment as prescribed as a facility's plan of care;

    g.  Failing to follow doctor and facility orders;

    h.  Failing to contact assist staff, including physicians;

35.   A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of the Defendants was a proximate cause of Pearl Lee Hayes injuries and death as more particularly described herein, which were all foreseeable. Plaintiff, as administrator of the Estate of Pearl Lee Hayes, deceased,

asserts claims on behalf of the wrongful death beneficiaries of the estate for mental anguish they suffered and, to a reasonable probability, will suffer in the future, all of which were caused by the foregoing acts of negligence on the part of the Defendants and all of which were a proximate cause of Pearl Lee Hayes' death.

36.    On behalf of the estate, Plaintiff also seeks damages for the decedent's loss of life, the reasonable value of funeral expenses, the conscious pain and suffering the decedent suffered prior to death, and any medical expense attributable to her fatal injury, all of which were caused by the foregoing acts of negligence on the part of Defendants and all of which were a proximate cause of these damages of the estate.

37.    As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants, including, but not limited to, pain and suffering, mental anguish and emotional distress in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT II – MEDICAL MALPRACTICE

38.    Plaintiff adopts and incorporates by reference all of the foregoing language of this Complaint as if fully set forth herein and further states as follows:

39.    Defendants are potentially a medical care provider as defined by Ark. Code Ann. §16-114-201(2) and/or liable for medical care providers as defined by Ark. Code Ann. §16-114-201(2);

40.     Defendants owed a non-delegable duty to residents, including Pearl Lee Hayes, to use reasonable care in treating their residents with the degree of skill and learning ordinarily possessed and used by nursing home facilities in the same or similar locality.

41.     Defendants owed a non-delegable duty to assist residents, including Pearl Lee Hayes, in attaining and maintaining the highest level of physical, mental, and psychosocial wellbeing.

42.     Defendants failed to meet the applicable standards of care and violated their duty of care to Pearl Lee Hayes through mistreatment, abuse, and neglect. Defendants failed to adequately supervise nurses and aides and failed to hire sufficient nurses and aides. As such, the nurses and aides were unable to provide Pearl Lee Hayes the requisite care, and as a result, negligent acts occurred as set forth herein. The medical negligence of Defendants includes, but are not limited to, the following acts and omissions:

    a.  Failure to ensure that Pearl Lee Hayes attained and maintained her highest level of physical, mental and psychosocial wellbeing;

    b.  Failure to establish, publish, and/or adhere to the policies for nursing personnel concerning the care and treatment of residents;

    c.  Failure to increase the number of nursing personnel to ensure that Pearl Lee Hayes received timely and accurate care assessments and proper treatment, medication and diet;

    d. Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse's assistants and aides to meet the needs of Pearl Lee Hayes throughout her residency;

    e. Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by (1) ensuring the rules and regulations designed to protect the health and safety of residents, such as Pearl Lee Hayes, as promulgated by the Arkansas Department of Human Services and the Arkansas Office of Long Term Care, were consistently complied with on an ongoing basis and (2) ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

    f. Failure to properly in-service and orient employees to pertinent patient care needs to maintain the safety of resident;

43.    Additionally, Defendants had a statutorily mandated responsibility to provide Pearl Lee Hayes nursing home residents' rights as set forth in Ark. Code Ann. §20-10-1201. et. seq.

44.    Defendants' responsibilities to Pearl Lee Hayes under these statutes are nondelegable in that Defendants are directly liable for deprivations, and infringements by any person or entity under Defendants' control, direct or indirect, including its employees, agents, consultants, and independent contractors, whether in house or outside entities, individuals, agencies, that were caused by Defendants' policies, whether written or unwritten, or common practices;

45.     The duty alleged in the immediately preceding paragraph includes, but is not limited to, proper training and supervision, proper hiring, background and referral checks, and proper retaining and dismissing of employees, agents, consultants, and independent contractors;

46.     Notwithstanding the responsibility of Defendants to provide Pearl Lee Hayes statutorily mandated nursing home residents' rights Pearl Lee Hayes was deprived of such rights by Defendants' failure to provide adequate and appropriate healthcare and protective support services, including therapeutic and rehabilitative services consistent with her resident care plan. These failures include, but are not limited to, the following:

      a.  Failing to provide enough staff;

      b.  Failing to provide properly trained or licensed staff;

      c.  Failing to keep the home free of accident hazards;

      d.  Physically, mentally, and emotionally abusing residents;

      e.  Failing to transport to a hospital in a timely manner;

      f.  Failing to provide proper treatment as prescribed as a facility's plan of care;

      g.  Failing to follow doctor and facility orders;

      h.  Failing to contact assist staff, including physicians;

47.     A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of the Defendants was a proximate cause of

Pearl Lee Hayes's injuries and death as more specifically described herein, which were all foreseeable. Plaintiff, as administrator of the Estate of Pearl Lee Hayes, deceased, asserts claims on behalf of the wrongful death beneficiaries of the mental anguish they suffered and, to a reasonable probability, will suffer in the future, all of which was caused by the foregoing acts of negligence on the part of the Defendants and all of which were a proximate cause Pearl Lee Hayes's death.

48.     On behalf of the estate, Plaintiff also seeks damages for the decedent's loss of life, the reasonable value of funeral expenses, the conscious pain and suffering the decedent suffered prior to death, and any medical expense attributable to her fatal injury, all of which were caused by the foregoing acts of negligence on the part of Defendants and all of which were a proximate cause of these damages of the estate.

49.     As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Pearl Lee Hayes suffered injuries as described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants, including but not limited to, pain and suffering, mental anguish and emotional distress in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## DEMAND FOR TRIAL BY JURY

50.     Plaintiff demands a trial by jury pursuant to Rule 38 of the Arkansas Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff as Special Administrator of the Estate of Pearl Lee Hayes, deceased, prays for judgment against Defendants as follows:

a)    For damages in an amount adequate to compensate Plaintiff for injuries and damages sustained and exceeding that required by federal court jurisdiction in diversity of citizenship cases;

b)    For all general and special damages caused by the alleged conduct of Defendants;

c)    For the costs of litigating this case;

d)    For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference of the consequences to Pearl Lee Hayes and to deter Defendants and others from repeating such atrocities;

e)    For all other relief to which Plaintiff is entitled.

Respectfully Submitted,

Demetria Walker, as Special Personal
Representative of the Estate of
Pearl Lee Hayes, deceased

By: */s/ Johnathon D. Burgess*

Scott Davidson (Ark Bar #88090)
Post Office Box 4046
Batesville, AR 72503
P: (870) 376-4599
F: (870) 600-0050
scott@scottdavidsonlaw.com

Johnathon D. Burgess (Ark Bar #2017167)
BURGESS LAW FIRM
PO Box 2095
Batesville, AR 72503
P: (870) 805-3021
jburgess@burgesslawfirm.net

*Attorneys for Plaintiff*

ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2022-Mar-21  15:30:21
35CV-22-203
C11WD02 : 3 Pages

# EXHIBIT A

Demetria Walker, as Special Personal Representative of the Estate of
Pearl Lee Hayes, Deceased, and on Behalf of the Wrongful Death Beneficiaries
of Pearl Lee Hayes

v.

Waters of White Hall, LLC and John Does 1 through 10, Unknown Defendants

Case No: _____

ELECTRONICALLY FILED
Jefferson County Circuit Court - Probate Division
Shawndra J. Taggart, County Clerk
2021-Jul-13  14:52:25
35PR-21-299
C11WD04 : 2 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE            )
ESTATE OF                       )        Case No. 35PR-21-299
PEARL HAYES,                    )
DECEASED                        )

## ORDER APPOINTING SPECIAL PERSONAL REPRESENTATIVE
## AND APPROVING ATTORNEY EMPLOYMENT CONTRACT

On this day the Petition for Appointment of Special Personal Representative and for Approval of Attorney Employment Contract was presented to the Court. The Court, being well and sufficiently advised in the premise, does find, order, and adjudge as follows:

1.  The decedent, Pearl Hayes, aged 81 years, who resided at 6810 S. Hazel Street, Pine Bluff, Arkansas 71603 died at Jefferson Regional Medical Center, 1600 W. 40th Ave., Pine Bluff, Arkansas, 71603, on April 7, 2020.

2.  This Court has jurisdiction over this matter and venue is proper.

2.  The heirs of decedent, are as follows:

   a)  Demetria Walker, (adult daughter) 2416 W. 25th Avenue, Pine Bluff, Arkansas, 71603;

   b)  Edward Hayes, (adult son) 16444 Woodlawn, Chicago, IL 60473;

   c)  Leandra Hayes, (adult sister) 5002 6th Street, White Hall, AR 71602;

3.  The value of the estate of the decedent is limited to a tort case of unknown value.

4.  Petitioner, the adult daughter of the decedent, has nominated herself as Special Personal Representative of decedent's estate. Petitioner is an adult resident of Jefferson

County, Arkansas, and fully qualified to serve as Special Personal Representative.

5.  Pursuant to Petitioner's request, she is appointed as Special Personal Representative for the limited purpose of investigating and prosecuting any and all claims which the estate of the decedent may have arising out of negligence resulting in the death of her mother, and for the purpose of employing an attorney to handle the investigation and prosecution of such claims.

6.  All requirements of bond, inventory and accounting shall be dispensed with until such time that the estate has property, should that occur.

7.  Petitioner has previously entered into an Attorney Employment Contract prior to the death of the decedent, as attorney-in-fact for Pearl Hayes, with the Burgess Law Firm and J. Scott Davidson, Attorney, a copy of which is attached to the Petition as Exhibit "A".  The Court approves said Attorney Employment Contract.

8.  The clerk of the Court is directed to issue Letters of Special Administration in favor of Demetria Walker as Special Personal Representative of the Estate of Pearl Hayes, deceased.


IT IS SO ORDERED.


_____ For
HON. LEON JAMISON, CIRCUIT JUDGE

DATE:____7-13-21_____

ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2022-Mar-21  15:30:21
35CV-22-203
C11WD02 : 2 Pages

# EXHIBIT B

Demetria Walker, as Special Personal Representative of the Estate of
Pearl Lee Hayes, Deceased, and on Behalf of the Wrongful Death Beneficiaries
of Pearl Lee Hayes

v.

Waters of White Hall, LLC and John Does 1 through 10, Unknown Defendants

Case No: _____

ELECTRONICALLY FILED
Jefferson County Circuit Court - Probate Division
Shawndra J. Taggart, County Clerk
2021-Jul-27  15:13:41
35PR-21-299
C11WD04 : 1 Page

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
PROBATE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | |
| ESTATE OF | ) | Case No. 35PR-21-299 |
| PEARL HAYES, | ) | |
| DECEASED | ) | |

### ACCEPTANCE OF APPOINTMENT AS
### SPECIAL PERSONAL REPRESENTATIVE OF ESTATE

On this day, Demetria Walker, does hereby accept her appointment as Special Personal

Representative of the Estate of Pearl Hayes, Deceased.

Dated this 21st day of July , 2021.

Demetria Walker

### VERIFICATION

Comes now DEMETRIA WALKER and states on oath that she has read the above and foregoing
instrument and that the facts set forth therein are true and correct to the best of her knowledge,
information and belief.

DEMETRIA WALKER

STATE OF ARKANSAS )
                            ) ss.
County of Jefferson )

SUBSCRIBED and SWORN to before me this 21st day of July , 2021.

Notary Public

My Commission Expires:

FELICIA A. JAMES
JEFFERSON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires Nov. 20, 2023
Commission # 12396613

ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2022-Mar-21  15:30:21
35CV-22-203
C11WD02 : 3 Pages

# EXHIBIT C

Demetria Walker, as Special Personal Representative of the Estate of
Pearl Lee Hayes, Deceased, and on Behalf of the Wrongful Death Beneficiaries
of Pearl Lee Hayes

v.

Waters of White Hall, LLC and John Does 1 through 10, Unknown Defendants

Case No: _____

ELECTRONICALLY FILED
Jefferson County Circuit Court - Probate Division
Shawndra J. Taggart, County Clerk
2021-Jul-27  15:22:35
35PR-21-299
C11WD04 : 2 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE            )
ESTATE OF                      )      Case No. 35PR-21-299
PEARL HAYES,                   )
DECEASED                       )

## LETTERS OF SPECIAL ADMINISTRATION

THAT Demetria Walker, whose address is 2416 w. 25th Ave., Pine Bluff, Arkansas, 71603,

having been appointed as Special Personal Representatives of the estate of Pearl Hayes,

deceased, who died on or about April 7, 2020, and having qualified as such Special Personal

Representatives are hereby authorized to act as such for and in behalf of the estate and to take

possession of the property thereof as authorized by law.

ISSUED this ____ day of _____, 2021.


JEFFERSON COUNTY PROBATE CLERK


By:_____, D.C.


( S  E  A  L )



Arkansas Judiciary

**Case Title:**     PEARL HAYES

**Case Number:**   35PR-21-299

**Type:**          LETTERS OF ADMINISTRATION

So Ordered

Alisha D. Jackson, Jefferson County
Deputy Clerk

Electronically signed by ADJACKSON on 2021-07-27 15:22:12    page 2 of 2

ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2022-Mar-21  15:30:21
35CV-22-203
C11WD02 : 3 Pages

# EXHIBIT D

Demetria Walker, as Special Personal Representative of the Estate of
Pearl Lee Hayes, Deceased, and on Behalf of the Wrongful Death Beneficiaries
of Pearl Lee Hayes

v.

Waters of White Hall, LLC and John Does 1 through 10, Unknown Defendants

Case No: _____

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
CIVIL DIVISION

DEMETRIA WALKER, AS SPECIAL PERSONAL
REPRESENTATIVE OF THE ESTATE OF
PEARL LEE HAYES, DECEASED,
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF PEARL LEE HAYES

                                                   PLAINTIFF

vs.                    CASE NO: _____

WATERS OF WHITE HALL, LLC
AND JOHN DOES 1 THROUGH 10,
UNKNOWN DEFENDANTS                          DEFENDANTS

---

## AFFIDAVIT

---

STATE OF ARKANSAS        )
                                 )
COUNTY OF INDEPENDENCE )

Comes now, Johnathon D. Burgess, and states upon oath the following:

1.    I am an attorney at the Burgess Law Firm, P.O. Box 2095, Batesville, Arkansas 72503.

2.    Burgess Law Firm and J. Scott Davidson, Attorney at Law, have been employed by Demetria Walker, as the Special Personal Representative of Pearl Lee Hayes deceased, and on behalf of the wrongful death beneficiaries of Pearl Lee Hayes, deceased, in the above captioned matter.

3.    Plaintiff is seeking a judgement against unknown tortfeasors.

Page 1 of 2

4.     The names of unknown tortfeasors in this action will be designated by the pseudo-name John Does 1 through 10, Unknown Defendants.

5.     Plaintiff intends to conduct additional discovery upon Defendants upon filing the Complaint in order to determine the names of the Unknown Defendants.

6.     This affidavit is made pursuant to Ark. Code Ann. §16-56-125.

I, Johnathon D. Burgess, state upon oath that the statements contained in the above and foregoing Affidavit are true and correct to the best of my knowledge and belief.

_____
Johnathon D. Burgess

March  21, 2022
Date


Sworn and Subscribed before me on this 21 day of March, 2022.

_____
Notary Public

My Commission Expires: 4|28|2030

ASHLEE BONE
NOTARY PUBLIC - ARKANSAS
INDEPENDENCE COUNTY
My Commission Expires 04-28-2030
Commission No. 12710664

Page 2 of 2